[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has instituted this action against the defendant in two counts. In the first count the plaintiff alleges the defendant Eastern Asphalt Co. installed a paved driveway on land off the defendant Edward Adamski and the driveway encroaches on the plaintiff's property which constitutes a continuing trespass. The second count alleges the driveway installed as well as roof gutters and landscaping work on defendant Adamski's property, has caused water damage to the plaintiff's driveway. The plaintiff then alleges as a result of these claims "the value of the plaintiff's property is greatly reduced."
The evidence presented established the plaintiff acquired her property at 30 Waller Ave. in 1972. When the plaintiff acquired title her driveway, which had been installed in 1964, and had never been paved or repaired existed on her property. It has continued in the same condition to the present time. In September 1985 when the defendant Adamski hired the defendant Eastern Asphalt Co. to install a driveway on his property the plaintiff's CT Page 9874 driveway was then in poor condition, and it had deteriorated as a result of its age and the flow of water. The defendant Eastern Asphalt Co. in reliance on erroneous information furnished to it by the defendant Adamski regarding the location of the boundry line them installed a driveway which abutted the plaintiff's driveway and encroached approximately five feet on the plaintiff's property for the length of the driveway installed.
Both of the properties were part of a subdivision of lots 75' in width. Waller Ave. which is located in front and to the north of both properties was higher than each lot and the natural flow of surface water was in a southerly direction from the road to the rear of the properties due to the natural contour of the land. The evidence has not shown the defendant Adamski in anyway changed the natural flow of the surface water. The retaining wall on the defendant's property and the rain gutters on his house did not increase the flow of surface water nor did they cause any damage to the plaintiff's driveway. A landowner incurs no liability by reason of the fact that surface water falling or running onto his land flows thence to property of others in its natural manner. Tide Water Sales Corp. v. Shimelman 114 Conn. 182, 189-90: Ferri v. Pyramid Construction Co., 186 Conn. 682, 685.
The plaintiff is seeking to recover from the defendant the cost of a new driveway, and this court cannot consider such an expense even if the plaintiff was entitled to recover in this case. The proper measure of damages would be the resultant diminution of value of the property Kloter v. Carabetta Enterprises, Inc.,9 Conn. App. 466, 465. In the absence of such evidence the court cannot consider such a claim because it would enhance the value of the property over what it was prior to the claimed damages. Whitman Hotel Corp. v. Elliott Watrous Engineering Co., 137 Conn. 562,573,.
The only damages the plaintiff would be entitled to recover arises out of the trespass caused by the encroachment of the defendant Adamski's driveway onto the plaintiff's property. The only credible evidence presented regarding the removal of this encroachment was the opinion of Louis Steven Jr. that the condition could be corrected for $500.00.
For the forgoing reasons judgment shall enter for the plaintiff to recover $500.00 from the defendant Edward Adamski. Judgment shall also enter in favor of the defendant Louis Stevens Jr. and Eastern Asphalt Company.
ZOARSKI, J.